PENDLETON and another *vs.* WOODHOUSE and wife.

To a bill by a trustee of a married woman, calling in question the act of her husband in disposing of as his own, property of which the wife claims to be the equitable owner, the husband is a necessary party.

On bill and demurrer.

*Mr. Oscar Keene,* for the demurrer.

*Mr. A. Dutcher,* contra.

THE CHANCELLOR.

The bill is filed by George F. Pendleton, as trustee, and Harriet M. Treat, as *cestui que trust,* to compel a conveyance by Sylvester L. Woodhouse and wife, of certain land in Somerset, to the trustee. Woodhouse and wife demur, on the ground that Joseph Treat, the husband of the *cestui que trust,* is not a party to the suit. That in a suit by a wife in reference to her separate estate the husband is a necessary party is not questioned, but it is insisted that this rule does not apply where the suit is brought by a trustee. It appears by the bill that the complainant, Pendleton, being the holder of the legal title to the property, made and delivered a deed of conveyance for it to Joseph Treat, to the end, as is alleged,

that he should insert in it in a blank left for the purpose, the name of some person as grantee, and thus the trustee be changed. The bill alleges that Treat, abusing the confidence thus reposed in him, filled the blank with the name of Mrs. Woodhouse, and delivered the deed to her for a valuable consideration received by him to his own use. The complainants base their claim to relief on the allegation that the property was the separate estate of Mrs. Treat. The relief sought is in direct opposition to the interest of her husband. The bill called into question his acts in treating as his own, property, the title to which was not in his wife, but of which she claims to have been the equitable owner. He is a necessary party to the suit.

The demurrer is sustained.